UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY HAYES PERRY,

    Plaintiff,

v.

RYAN SILVERTHON,

    Defendant.
_____/

Case No. 2:24-cv-10194

Honorable Susan K. DeClercq
United States District Judge

Honorable Curtis Ivy Jr.
United States Magistrate Judge

**OPINION AND ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER (ECF No. 20) AND AFFIRMING ORDER (ECF No. 17)**

Plaintiff Casey Hayes Perry has filed an objection to the Magistrate Judge's order terminating as moot his motion to amend the complaint. A hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objection will be overruled because the Magistrate Judge's order contains no clear error.

I.

On January 24, 2024, Plaintiff filed his complaint against Defendant Ryan Silverthon, ECF No. 1, and an application to proceed without prepaying fees or costs, ECF No. 2, which was granted, ECF No. 5. Two weeks later, the case was stayed and referred to the Pro Se Prisoner Early Mediation Program. ECF No. 6. Defendant, represented by counsel, filed a motion to exclude the case from early mediation on March 5, 2024. ECF No. 8. This motion was granted, and the stay was

lifted on March 6, 2024. ECF No. 9. The U.S. Marshals Service acknowledged Defendant's receipt of the service documents on March 14, 2024. ECF No. 12.

On April 22, 2024, Plaintiff filed a motion to amend his complaint, along with an amended complaint. ECF No. 15. Under 28 U.S.C. § 636(b)(1)(A), Magistrate Judge Curtis Ivy Jr. denied Plaintiff's motion as moot, and instead construed it as an amended complaint filed as of right. ECF No. 17. Judge Ivy gave Defendant until May 28, 2024, to answer Plaintiff's amended complaint. ECF No. 19.

Plaintiff objects to the order that denied his motion to amend. ECF No. 20.

## II.

The Magistrate Judge's order resolved a nondispositive pretrial matter. *See Massey v. City of Ferndale*, 7 F.3d 506, 508–09 (6th Cir. 1993) (listing dispositive matters). Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948));

*see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

"If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error." *Murphy v. May*, No. 1:21-CV-12089, 2023 WL 4964296, at *2 (E.D. Mich. Aug. 3, 2023) (collecting cases); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 Charles A. Wright et al., Federal Practice and Procedure § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008).

**III.**

Having reviewed Plaintiff's objection, the relevant orders, and all the related filings in the record, this Court concludes that the Magistrate Judge's order, ECF No. 17, is neither clearly erroneous nor contrary to law. Indeed, the order effectively

granted Plaintiff's desire to amend his complaint and gave Defendant until May 28, 2024, to respond to the amended complaint.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objection, ECF No. 20, is **OVERRULED**.

Further, it is **ORDERED** that Magistrate Judge Ivy's Order Terminating Motion to Amend Complaint as Moot, ECF No. 17, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 5/23/2024