UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY H. PERRY,                          Case No. 24-10194
                        Plaintiff,
v.                                       Susan K. DeClercq
                                         United States District Judge
RYAN SILVERTHON,
                        Defendant.       Curtis Ivy, Jr.
_____/          United States Magistrate Judge

**ORDER REGARDING PENDING DISCOVERY MOTIONS, MOTIONS FOR SANCTIONS, AND DEFENDANT'S MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE (ECF Nos. 38, 40, 41, 42, 47)**

Plaintiff Casey H. Perry initiated this *pro se* prisoner civil rights case under 42 U.S.C. § 1983 on January 24, 2024.  (ECF No. 1).  The Court granted Plaintiff's application to proceed *in forma pauperis*, (ECF No. 5), and the District Judge referred all pretrial matters to the undersigned, (ECF No. 16).  Plaintiff filed an Amended Complaint on April 22, 2024 (ECF No. 15).  Currently before the Court are various discovery motions and related motions for sanctions, as well as a motion to retroactively extend the dispositive motion deadline.  (ECF Nos. 38, 40, 41, 42, 47).

For the following reasons, Defendant's motion, (ECF No. 38), for sanctions or, in the alternative, compelled production is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's motion for sanctions, (ECF No. 40), is **DENIED**.  And Defendant's motion for a retroactive extension of the dispositive motion

deadline, (ECF No. 47), is **GRANTED**.  As ECF Nos. 41 and 42 are not proper

motions (the former consisting of discovery, the latter consisting of Plaintiff's

response brief to Defendant's motion to compel) the Court **ORDERS** that they be

**TERMINATED**.

## I.     BACKGROUND

In deciding the above-mentioned motions, a considerable retelling of the

facts that have led until now is needed.  That said, a factual summary is nearly

enough on its own to recognize Plaintiff's gamesmanship here.  Frankly, the Court

is disappointed that a simple issue has resulted in several motions and a lot of

spilled ink.

Plaintiff's Amended Complaint raises several claims against Defendant for

inadequate medical care.  (ECF No. 15, PageID.145-50, ¶¶ 34-40).  Plaintiff's

medical records are essential to the development of Plaintiff's claims and

Defendant's defenses against them.  To that end, Defendant agreed to obtain

Plaintiff's medical records and share them with Plaintiff.  (ECF No. 38,

PageID.312; ECF No. 42, PageID.438).  But because Defendant is not an

employee of the Michigan Department of Corrections ("MDOC"), Defendant had

to first obtain Plaintiff's permission to receive his relevant medical documents.

(ECF No. 38, PageID.313, ¶ 8).  It is this authorization that is at the center of each

of the pending motions.

On March 14, 2024 defense counsel sent a letter to Plaintiff containing an "Authorization to Disclose Health Information" and explaining what counsel needed.[1]  (*Id.* at ¶ 7; ECF No. 38-2, PageID.337).  Plaintiff received defense counsel's letter on March 19, 2024.  (ECF No. 42, PageID.424, ¶ 5).  But because Plaintiff did not recognize the law firm, defense counsel, or anything related to this litigation, he believed the letter requesting his medical records to be a scam.  (*Id.* at PageID.424-25, ¶¶ 5-7).  In fact, Plaintiff apparently tore up all of the paperwork except for the letterhead.  (*Id.* at PageID.426, ¶ 9).[2]

After learning of defense counsel's appearance in this case, *see* note 2, Plaintiff submitted several discovery requests at the end of May 2024.  (*Id.* at PageID.427, ¶ 13).  On July 15, 2024, Plaintiff received notice from Defendant regarding a deposition scheduled for July 25, 2024.[3]  (*Id.* at PageID.428, ¶ 14).

---

[1] Notably, Lindsay Elizabeth DeCarlo was the only counsel for Defendant until February 3, 2025 (ECF No. 45).  As nearly all of the events occurred with Ms. DeCarlo as the only defense attorney, references to "defense counsel" mean Ms. DeCarlo unless stated otherwise.

[2] The Court notes that all of the identifying information in defense counsel's March 14 letter—e.g., counsel's name, law firm, address, phone number, and email address—all appear in the notice of appearance filed on March 5, 2024.  (ECF No. 7).  The Court also points out that the notice of appearance includes a certificate of service indicating that a copy of the notice was sent to Plaintiff using the proper inmate number and address.  The same inmate number and address were used to mail Defendant's Answer to the Amended Complaint, (ECF No. 22), which Plaintiff says is the first time he learned of defense counsel's appearance in this case.  (ECF No. 42, PageID.426-27, ¶ 11).

[3] Defendant erroneously filed this notice which was stricken as prohibited discovery under this Court's Local Rules.  (ECF No. 28).  Separately, Defendant accidentally indicated that the deposition occurred on August 20, 2024.  (ECF No. 38, PageID.314, ¶ 9).  August 20 is the

During this deposition, Plaintiff admitted to the above-facts—that he received the

March 14 letter but did not sign any authorization as he apparently did not know

who was requesting his medical information.  (ECF No. 38-3, PageID.340-41).

Plaintiff did, however, make the statement that he "was getting ready to send you

[defense counsel] an authorization . . . ."  (*Id.* at PageID.341).  Even so, defense

counsel informed Plaintiff that she would send a new authorization document for

him to sign.  (*Id.*).

At the end of the deposition, defense counsel asked Plaintiff if he would

comply with further discovery requests, "including a request for you to sign an

authorization to obtain all of your medical records and correctional records[.]"  (*Id.*

at PageID.363).  Defense counsel warned Plaintiff that refusing to sign the

authorization form could result in sanctions, namely the dismissal of his case.

Plaintiff responded, "I said I was going to send you one."  (*Id.*).

And indeed, it would appear that Plaintiff did so.  Unfortunately, Plaintiff's

vehicle for doing so was an obscure one.  On August 2, 2024, the Clerk's Office

docketed Plaintiff's petition for a writ of habeas corpus ad testificandum.  (ECF

No. 32).  There Plaintiff requested to be released from his incarceration in order to

testify for trial in this case—a trial that had not been set as time remained for both

---

date the deposition transcript was notarized, (ECF No. 38-3, PageID.363); the actual date of the
deposition was July 25, 2024.  (*Id.* at PageID.338).

discovery and dispositive motions.  (*Id.* at PageID.285; ECF No. 23 (regarding deadlines)).  Included with this filing is an MDOC Patient's Authorization for Disclosure of Health Information form that Plaintiff signed on July 21, 2024.  (*Id.* at PageID.288).  The form authorizes the release of certain medical information covering one day to defense counsel's law firm.  (*Id.*).  The form also includes a witness signature dated July 24, 2024, though Plaintiff signed the document three days earlier.  (*Id.*).

At the end of July 2024, Plaintiff filed a motion to compel regarding his pending discovery requests.  (ECF No. 30). The Court granted Plaintiff's motion as Defendant did not oppose it.  (ECF No. 33).  According to defense counsel, she provided the requested discovery on August 13, 2024—the due date for Defendant's response brief in opposition to Plaintiff's motion to compel, (*Id.* at PageID.295)—and again on August 22, 2024, the date of the Court's Order.  (ECF No. 38, PageID.313).[4]

On September 3, 2024, defense counsel mailed Plaintiff a second authorization document as she said she would during the deposition, this time with a more detailed cover letter.  (ECF Nos. 38-4, 38-5, PageID.388-90).  Plaintiff

---

[4] The Court acknowledges defense counsel's typographical error—using the year 2023 instead of 2024, the correct year—in her motion.  (ECF No. 38, PageID.313).  This is a typo and nothing more.

disputes ever receiving this second authorization; rather, according to him, he only received Defendant's responses to his discovery requests on September 3, 2024. (ECF No. 42, PageID.433, ¶ 21).  On September 13, 2024, Plaintiff also received the certificate of service of discovery responses, notice of compliance with this Court's Order, and Defendant's response in opposition to a second motion to compel that Plaintiff filed.[5]  (*Id.* at PageID.433-34, ¶¶ 21-22).

That said, defense counsel purportedly received the signed September authorization from Plaintiff bearing the date September 13, 2024—the same day he received some documents from defense counsel.  (ECF No. 38, PageID.314-15; ECF Nos. 38-4, 38-5, PageID.388-90).  When defense counsel submitted the signed form to MDOC to obtain Plaintiff's records, MDOC denied the request. Plaintiff informed MDOC staff that the signature was not his—that the signature was forged.  Afterward, defense counsel filed the motion to compel Plaintiff's authorization for the release of his MDOC medical records and the request for sanctions against Plaintiff for his conduct.

In response, Plaintiff moved for sanctions against defense counsel for the allegedly fraudulent signature, filed a new MDOC Patient Authorization form that he signed on November 13, 2024 (which also bears a witness signature from the

---

[5] The Court denied Plaintiff's second motion to compel as moot.  (ECF No. 37).

same date), and his response in opposition to Defendant's motion.  (ECF Nos. 40, 41, 42).

Discovery closed on November 21, 2024, and the dispositive motion deadline elapsed on December 23, 2024.  (ECF No. 23).  No dispositive motions were filed before December 23.  Almost a month later, Defendant filed a motion for summary judgment.  (ECF No. 43).  As this motion was untimely, it was struck from the docket.  (ECF No. 44).  Given the allegations of forgery, bad-faith conduct, and deception, the Court ordered the parties to provide an update on the discovery dispute.  (*Id.* at PageID.584).  Considering that Plaintiff himself provided a new signed form authorization form, (ECF No. 41), the Court ordered Defendant to inform it whether the new form had been used to obtain the medical records.  (ECF No. 44, PageID.584).

Defendant responded as ordered on February 3, 2025.  (ECF No. 46). Plaintiff has not.  In response, defense counsel informed the Court that she did use the form *that Plaintiff filed*, (ECF No. 41), to obtain Plaintiff's records.  (ECF No. 46, PageID.592).  To the Court's surprise, this request was also denied for the same reason—Plaintiff told MDOC staff that the signature was not his.  (*Id.* at PageID.593).  Staff asked Plaintiff if he would sign an authorization, something he has already done twice, possibly three times in this case, and Plaintiff refused. (*Id.*; ECF No. 46-2, PageID.601).  As of February 3, 2025, defense counsel has not

received an effective authorization to obtain medical records she requested nearly a year ago.

The same date defense counsel provided the Status Report, she also filed a motion to retroactively extend the dispositive motion deadline. (ECF No. 47).

## II,   ANALYSIS

There are essentially three motions at issue: Defendant's motion for sanctions and, in the alternative, to compel production; Plaintiff's motion for sanctions; and Defendant's motion to retroactively extend the dispositive motion deadline. Each will be addressed in kind.

### A.   Defendant's Motion for Sanctions or, in the alternative, to Compel Production (ECF No. 38)

Defendant's principal form of requested relief is the request for sanctions against Plaintiff. (ECF No. 38, PageID.318). Defendant bases the motion for sanctions on Federal Rule of Civil Procedure 37(b)(2)(A)(v). (*Id.* at PageID.317-19). There Defendant requests that the Court dismiss this case because of Plaintiff's willful noncompliance with his discovery obligations. (*Id.*). If the Court does not agree to dismiss the case, Defendant asks that the Court compel production of a signed authorization form for Plaintiff's medical records under Rules 34(b) and 37(a). (*Id.* at PageID.318-19).

1.   Sanctions under Rule 37(b)(2)

8

Rule 37(b) authorizes the dismissal of the action or proceeding as a possible sanction for not obeying a discovery order from the Court.  Fed. R. Civ. P. 37(b)(2)(A)(v).  In support, Defendant accurately cites Sixth Circuit case law stating that "[a] party 'fails to obey' a discovery order merely by failing to comply; no showing of willfulness, bad faith, or malice is needed."  *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 631 (6th Cir. 2006) (quoting *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958)).

Yet there is one problem with Defendant's argument—Defendant has not identified a discovery order filed prior to Defendant's motion that Plaintiff has disobeyed.  Even the case Defendant relies on makes clear that there must be a violation of a discovery order.  In *Technology Recycling Corporation*, the Sixth Circuit held that the district court did not abuse its discretion in granting sanctions under Rule 37(b)(2) because, in part, plaintiffs had failed to comply with several discovery orders.  *Id.* at 632.  But the Sixth Circuit did not stop its analysis there.  Because "some filings and proceedings" were unrelated to plaintiffs' noncompliance with discovery orders, "the [district] court needed authority *other than Rule 37(b)(2)* to award defendants fees beyond those caused by plaintiffs' failure to obey discovery orders."  *Id.* at 638.

9

Despite asserting that Plaintiff "continues to blatantly disregard the requirements of federal and local law, as well as the orders of this Court," it is unclear to this Court which "orders" Plaintiff allegedly violated. The Court has not previously ordered Plaintiff to provide a valid authorization form for the release of his medical records. And while Plaintiff's conduct illustrates his gamesmanship and apparent attempts to obstruct discovery, he had not violated a discovery order at the time Defendant filed the motion. Thus, Defendant must point to "authority other than Rule 37(b)(2)" to sanction Plaintiff for his conduct. *Id.* (emphasis omitted).

Indeed, it is not until Defendant's motion to retroactively extend the dispositive motion deadline (filed roughly three months after the motion for sanctions and compelled production) that Defendant identifies an order that Plaintiff has violated. There Defendant contends that Plaintiff's failure to provide a valid authorization form for his medical records by the close of discovery on November 21, 2024 violated the Court's Case Management Order. (ECF No. 47, PageID.609). When Defendant filed his motion in October 2024, discovery had not closed; it follows that Plaintiff had not violated the Case Management Order as there was still time for him to provide a valid authorization form. In fact, Plaintiff filed a new authorization form that appears to permit the release of the records

10

Defendant has requested shortly after Defendant filed his motion.[6]  (ECF No. 41).

Defendant's motion also refers to plural "orders" that Plaintiff has violated.  But

again, it is unclear which "orders" Plaintiff had violated prior to Defendant's

motion.

      For these reasons, the Court will not grant Defendant's request for sanctions.

      2.   <u>Production under Rules 34 and 37</u>

      In the alternative to dismissal, Defendant requests an Order from the Court

compelling Plaintiff to produce a signed authorization for the release of his MDOC

records under Federal Rules of Civil Procedure 34(b) and 37(a).  (ECF No. 38,

PageID.312, 318-19).  As an initial matter, this Court's Local Rules require the

movant to include "a verbatim recitation of each . . . request . . . which is the

subject of the motion or a copy of the actual discovery document which is the

subject of the motion."  E.D. Mich. LR. 37.2.  As far as the Court can tell,

Defendant is requesting an Order for production of a valid authorization form for

the release of the medical records outlined in its September letter.  (ECF Nos. 38-4,

38-5, PageID.388-90).  Plaintiff appears to have the same understanding as his

filing including a signed authorization form from November 13 that indicates

---

[6] It was not until after the discovery and dispositive motion deadlines that Defendant learned that Plaintiff refused to acknowledge the signature on that form as his own.  (ECF No. 46).

Plaintiff had trouble fitting all thirty or so items that appeared in Defendant's September letter on the MDOC form.[7]  (ECF No. 41, PageID.418-20).

     a.    <u>Governing Standard</u>

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable.  *Id.*  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v.*

---

[7] It would appear that Defendant's March and September letters make identical requests. Though Defendant filed the complete September letter (e.g., the cover letter and request for documents), Defendant only filed the cover letter from the March letter.  (ECF No. 38-2, PageID.337 (regarding the March letter); ECF Nos. 38-4, 38-5 PageID.388-90 (regarding the September letter)).  That said, Plaintiff included with his response brief the complete copy of the March letter which includes the same requested documents as the September letter.  (ECF No. 42, PageID.424, ¶ 5, PageID.446-48).  Though the Court is admittedly perplexed as to how Plaintiff has a copy of the March letter when he apparently tore up all documents except the letterhead from the perceived "scam artists."  (*Id.* at PageID.426, ¶ 9).  Plaintiff did not indicate that he had made a copy before destroying any such documents.

*Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking

discovery may move for an order compelling an answer, designation, production,

or inspection.  Fed. R. Civ. P. 37.

      b.   <u>Discussion</u>

To be clear from the start, Plaintiff does not genuinely oppose Defendant's

motion to compel.  Plaintiff admits to providing at least two signed authorization

forms releasing his medical records to defense counsel.  (ECF No. 32, PageID.288-

90; ECF No. 41, PageID.420).  In his November 2024 filing, (ECF No. 41),

Plaintiff does not even oppose providing all the information that Defendant

requested in its March and September letters.  Rather, Plaintiff noted that the

MDOC form did not have enough room to list all thirty or so items Defendant

requested.[8]  (ECF No. 41, PageID.418).  So Plaintiff does not object to

Defendant's motion based on the relevance of the requested documents or the

proportionality of Defendant's request.  And as far as the Court can tell, Plaintiff

does not assert any privilege or request a protective order that would shield his

medical records from discovery.

Plaintiff does not even request that the Court deny the motion.  After

parroting much of the "Memorandum of Law" and "Relief and Sanctions

---

[8] Plaintiff counts thirty-two items included in Defendant's request.  Looking purely to those items with an asterisk next to them, the Court counts thirty-one items.  (ECF No. 38-5, PageID.389).

Requested" sections from Defendant's brief, Plaintiff instead asks for sanctions. (ECF No. 42, PageID.443-44). Accordingly, Plaintiff's response brief reads more like supplemental briefing on Plaintiff's pending motion for sanctions, (ECF No. 40)—supplemental briefing which Plaintiff did not seek leave to file. *See* E.D. Mich. LR 7.1(d)(1)(A) ("*Unless the court permits otherwise*, each motion . . . must be accompanied by a single brief.") (emphasis added). Plaintiff also requests the very relief for which Defendant moved. (ECF No. 42, PageID.443-44 (asking for "an Order compelling Defendant to execute and otherwise comply to serve the Authorization for the Disclosure of Protected Health Information . . . .")). Yet when defense counsel submitted the very form Plaintiff signed in November to MDOC, Plaintiff for some reason said that the signature was not his own and refused to sign another form when asked. (ECF No. 46, PageID.592-94; ECF No. 46-2, PageID.600-02; ECF No. 46-3, PageID.603).

This issue has gone on far too long. Defendant's motion to compel is **GRANTED**. The Court **ORDERS** Defendant to resubmit the authorization form Plaintiff signed found at ECF No. 41. The Court further **ORDERS** Plaintiff to confirm that the signature on that form is his when asked by MDOC. Plaintiff provided the form signed on November 13, 2024 in a filing in which Plaintiff declared under the penalty of perjury that the signed form was indeed signed by him. (ECF No. 41, PageID.421). Although the form itself does not include all

14

thirty or so records Defendant requested access to in its March and September letters because of space constraints, this was sufficient enough for Defendant to submit the form to MDOC.  Should Plaintiff continue to stonewall Defendant's efforts—efforts which would benefit Plaintiff as he too would be receiving his records per the agreement with Defendant—the sanctions will be severe. Plaintiff's failure to comply with this Order may result in a recommendation that Plaintiff's complaint be dismissed under Federal Rules of Civil Procedure 11, 37(b)(2)(A)(v), and 41(b).

Additionally, it would seem that the Court must take certain precautions going forward on this matter.  If for whatever reason the signed form in ECF No. 41 is insufficient for Defendant's purposes, the Court **ORDERS** that Defendant file a copy of its supplemental request for the release of other medical records (should such a request be needed).  If Plaintiff agrees to authorize the release of those documents, the Court further **ORDERS** Plaintiff to file his signed authorization as well.  Under this Court's Rules, discovery material specified under Federal Rule of Civil Procedure 5(d)(1)—which includes requests for documents— can be filed on order of the Court.  E.D. Mich. LR 26.2(a)(3).  It is the Court's hope that this instruction will be sufficient in facilitating the production of any more medical records that may be needed.

c.    <u>Sanctions</u>

Though Defendant cannot obtain sanctions under Rule 37(b)(2)(A)(v),

sanctions are available under Rule 37(a)(5) based on the Court granting the part of

Defendant's motion regarding the authorization form.  Even so, the Court will not

do so now.  First, Plaintiff has already provided a signed authorization form

releasing documents Defendant requested.  While Plaintiff has refused to recognize

that signature as his own, the means of obtaining the documents are already

available to Defendant and should be sufficient following the instructions in this

Order.  Second, Defendant did not request sanctions under Rule 37(a)(5) in the

motion itself, so the Court will not grant sanctions where they have not been

requested.  Finally, the fact Plaintiff is indigent largely precludes granting any sort

of monetary sanctions.

B.     Plaintiff's Motion for Sanctions (ECF No. 40)

Plaintiff also filed his own motion to sanction defense counsel for litigating

in bad faith.  (ECF No. 40).  The basis of Plaintiff's motion is his contention that

defense counsel forged Plaintiff's signature on the September letter seeking his

authorized release of his medical records.  (*Id.* at PageID.395-98).  As noted above,

*see supra* Subsection II.A.2.b, Plaintiff also lodges several allegations of defense

counsel's bad-faith conduct in his response brief to Defendant's motions to compel and for sanctions.[9]

To begin, the Court will only consider those factual allegations included in his motion for sanctions.  Plaintiff's response brief to Defendant's motion amounts largely to a supplemental brief in support of his motion for sanctions.  (ECF No. 42).  But he did not seek leave of this Court to submit supplemental briefing as required under this Court's Rules.  *See* E.D. Mich. 7.1(d)(1)(A).  And to the extent that Plaintiff requests sanctions in his "response" brief, (ECF No. 42, PageID.443-44), the request is **DENIED**.  *See* E.D. Mich. LR 7.1(i) ("Motions must not be combined with any stand-alone document.").

Plaintiff alleges that defense counsel engaged in a pattern of bad-faith conduct.  Plaintiff points first to defense counsel's failure to submit to MDOC the authorization form he signed in July 2024—the one that first entered the record of this case with Plaintiff's petition for a writ of habeas corpus.  (ECF No. 40, PageID.395, 400; ECF No. 32, PageID.288).  Plaintiff also points out that he

---

[9] Many of Plaintiff's allegations are baseless or amount to typographical errors in defense counsel's filings.  Plaintiff argues that defense counsel hid the ball by not informing Plaintiff that she represented Defendant; yet defense counsel promptly entered a notice of appearance on the record.  He suggests defense counsel attempted to mislead the Court when using the wrong dates in her briefing; on the Court's reading, they are all simple typos.  Plaintiff asserts that defense counsel used the wrong inmate number resulting in Plaintiff not getting all of his mail—but the fact that Plaintiff received his mail despite the use of an incorrect inmate number means that the wrong number had little to no effect in preventing him from receiving his mail.  Plaintiff overreacts trying to turn minor errors into evidence of bad-faith conduct.  (*See* ECF No. 42, PageID.423-38 (regarding Plaintiff's meritless allegations of bad-faith conduct)).

executed a separate authorization form in September 2024 which released Plaintiff's requested documents to himself.  (ECF No. 40, PageID.395, 399). Because he had authorized two forms, informed defense counsel he would provide an authorization at the July deposition, and allegedly did not sign the September letter, Plaintiff concludes that defense counsel's bad-faith conduct culminated in a forged signature.  (*Id.* at PageID.395-98).  Plaintiff therefore requests sanctions but does not specify the sanctions he desires.

Defendant did not respond to Plaintiff's motion and understandably so. Plaintiff does not point to any legal authority in his motion that would authorize the Court to grant sanctions if it decided to do so.  If Plaintiff wants the Court to grant sanctions, it should go without saying that the Court must have a basis to do so. *See Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 638 (6th Cir. 2006) (finding that movant could not obtain sanctions under the Federal Rules of Civil Procedure, so an alternative legal basis was needed).  It is Plaintiff's obligation to provide the basis for his request, not the Court.

Regardless of the basis, nothing Plaintiff identifies in his motion amounts to bad-faith conduct, much less a pattern of such conduct.  The authorization form Plaintiff signed in July 2024 contains many deficiencies.  First, Plaintiff filed the form with a petition for writ of habeas corpus ad testificandum requesting that he be released for trial in this case.  But no trial date had been set and Plaintiff had his

own pending discovery requests at the time.  The Court does not fault defense counsel for possibly overlooking discovery improperly filed alongside an improper and premature habeas corpus petition.  *See* E.D. Mich. LR 26.2 (authorizing the filing of discovery in only limited circumstances that are not applicable here).  Second, the form only authorizes the release of some medical records for one day, April 25, 2023.  (ECF No. 40, PageID.400).  This hardly would have helped Defendant develop his case considering that defense counsel referenced obtaining Plaintiff's medical records for the past decade as permitted under the Federal Rules of Civil Procedure.  (ECF No. 38-3, PageID.363).  Third, there is an issue with the dates on the form itself.  Plaintiff signed on July 21, 2024—the Court wonders how a witness could attest to observing such signature take place three days later given July 24 is the date of the witness's signature.  If the witness had observed Plaintiff sign the form on July 21, why not attest to that on the same day?[10]  This is all to say that defense counsel's failure to submit the July authorization form is not indicative of bad-faith conduct.

Nor is there any bad-faith conduct related to the authorization form Plaintiff executed on September 16, 2024.  (ECF No. 40, PageID.399).  This form authorized the release of Plaintiff's records to himself, not defense counsel.

---

[10] Notably, all the other authorization forms signed by Plaintiff use the same date for Plaintiff's signature as well as that of the witness.  (ECF No. 40, PageID.399; ECF No. 41).

Despite Plaintiff receiving the requested documents, he does not indicate in his motion (or any of his related filings) that he shared these documents with defense counsel.  So Plaintiff cannot seriously allege defense counsel's bad-faith conduct in relation to documents about which defense counsel knew nothing.

Lastly is Plaintiff's contention that defense counsel forged Plaintiff's signature.  This is a serious allegation.  That said, the substance of Plaintiff's allegation is that defense counsel acted fraudulently and defense counsel's denial and assertion that Plaintiff is lying.[11]  The Court is not inclined to turn this issue into a mini-trial about the veracity of the signature, especially when the dispute offers no more than a factual dispute and Plaintiff has already authorized elsewhere the release of the same information.

If anything, there is evidence of bad-faith conduct on the part of Plaintiff himself.  He filed a signed authorization form in November 2024.  (ECF No. 41).  When defense counsel used that very form to obtain Plaintiff's records, Plaintiff told MDOC staff that the signature was not his own—despite declaring under the penalty of perjury the veracity of his filing containing that form.  (ECF No. 41; ECF No. 46, PageID.592-94; ECF No. 46-2, PageID.600-02; ECF No. 46-3).  As Plaintiff has not submitted a written status report as ordered by the Court, (ECF

---

[11] Defense counsel denies forging Plaintiff's signature in other filings.  (ECF Nos. 38, 46).

No. 44), there is no explanation on the record why Plaintiff did not verify that signature.  And if Plaintiff is refusing to acknowledge his signature as his own— again, a signature on a document he filed with the Court and declared as true under the penalty of perjury—who is to say that Plaintiff similarly refused to do so with respect to the September letter?

As Plaintiff offers no legal authority for this Court's ability to grant sanctions and the absence of bad-faith conduct on defense counsel's part, his motion for sanctions is **DENIED**.  If Plaintiff maintains that the signature was forged, he may pursue other avenues for relief elsewhere—but he cannot do so here based on this motion.

C.   Defendant's Motion to Retroactively Extend the Dispositive Motion Deadline (ECF No. 47)

Finally is Defendant's motion to retroactively extend the deadline to file dispositive motions.  Citing to Plaintiff's gamesmanship and attempts to obstruct the release of his medical records, Defendant contends that there is good cause to retroactively extend the dispositive motion deadline.  Though Defendant grounds this argument in Federal Rule of Civil Procedure 6(b)(1), Rule 16 is a more suitable vehicle for extending a deadline in the Case Management Order.  *See Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018) ("Although Begley moves under Rule 6, Rule 16 governs modifications to scheduling orders.").

21

Good cause is also the standard for modifying a scheduling order under Rule 16(b)(4).  "In order to demonstrate good cause, [Defendant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014);  *see also Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)) ("'The primary measure of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet' the scheduling order's requirements, but courts also consider 'possible prejudice to the party opposing the modification.'").

Defendant has established good cause.  Plaintiff's latest authorization form signed on November 13 first appeared on the docket on the day discovery closed; Defendant did not receive the physical copy until the next day.  (ECF No. 47, PageID.608).  Defense counsel submitted that form in a letter to MDOC that day, around one month before the dispositive motion deadline of December 23, 2024. (ECF No. 47-1 (regarding defense counsel's letter dated November 22, 2024); ECF No. 23 (regarding the dispositive motion deadline)).  Defense counsel did not receive a response from MDOC until after the deadline for dispositive motions had passed.  (ECF No. 47, PageID.608).  As defense counsel likely did not expect Plaintiff to deny signing a form he filed on the docket, the Court understands why

22

(1) she waited for documents believed to be critical to developing defenses, and (2) why she submitted an untimely summary judgment motion only after learning that Plaintiff had refused to acknowledge his own signature. As Plaintiff's conduct has delayed the release of the requested medical records, the Court finds good cause to grant an extension. Lastly, amending the scheduling order will not prejudice Plaintiff as doing so will permit him time to receive his own medical records which would also help develop his claims. Defendant's motion is therefore **GRANTED**.

The Court will extend the dispositive motion deadline by ninety days from the date of this Order. The new deadline for dispositive motions will be **June 2, 2025**.

## III.   CONCLUSION

The issue prompting the above-addressed motions should have never gotten this far. Where the Court draws a line is Plaintiff refusing to acknowledge his own signature on a form filed with the Court under the penalty of perjury. The Court hopes the instructions in this Order will finally resolve this issue so that the litigation may proceed. In short, the Court's Orders are as follows:

- Defendant's motion for sanctions or, in the alternative, to compel production is **GRANTED IN PART AND DENIED IN PART**. To that end, Defendant is **ORDERED** to re-submit Plaintiff's authorization form signed November 13, 2024 to MDOC. As soon as MDOC asks Plaintiff to verify

23

his signature from that form, Plaintiff is **ORDERED** to verify his signature. Plaintiff's failure to do so may result in sever sanctions under Federal Rules 11, 37, and 41, including dismissal of his complaint.  If Defendant needs to submit supplemental requests to receive Plaintiff's records, Defendant is **ORDERED** to file that request with the Court.  Should Plaintiff agree to release the information, he is **ORDERED** to file that signed authorization as well;

- Plaintiff's motion for sanctions is **DENIED**;

- Defendant's motion to retroactively extend the dispositive motion deadline is **GRANTED**.  The new dispositive deadline motion is **June 2, 2025**.

  **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 4, 2025          <u>s/Curtis Ivy, Jr.</u>
Curtis Ivy, Jr.
United States Magistrate Judge

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 4, 2025.

<u>s/Sara Krause</u>
Case Manager
(810) 341-7850

25