UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY H. PERRY,

                Plaintiff,                      Case No. 2:24-cv-10194

v.                                   Honorable Susan K. DeClercq
                                   United States District Judge

RYAN SILVERTHON,

                                   Honorable Curtis Ivy, Jr.
                                   United States Magistrate Judge

                Defendant.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 50) TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER (ECF No. 49) AND AFFIRMING ORDER

Plaintiff Casey H. Perry has objected to a March 2025 order in which Magistrate Judge Curtis Ivy, Jr. resolved five[1] nondispositive motions. *See* ECF Nos. 49; 50. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objections will be overruled because Judge Ivy's order shows no clear error.

---

[1] Although the March 4, 2025, Order resolves five "motions," only three of them are actually motions. One of the "motions" resolved by the Order is docketed as a motion but is, in substance, merely a notice which seeks no relief. *See* ECF No. 41 (providing notice that Plaintiff is "act[ing] in good faith" to provide a signed medical-release authorization to Defendant). And another one of the "motions" resolved by the Order is actually a response to Defendant's Motion to Compel and Request for Sanctions, though it is docketed as a motion. *See* ECF No. 42.

# I. BACKGROUND

Plaintiff Casey H. Perry sued Defendant Ryan Silverton in January 2024, ECF No. 1, and filed an amended complaint three months later, ECF No. 15. Plaintiff alleges Defendant—a registered nurse at Macomb Correctional Facility acting at the direction of the Michigan Department of Corrections—was deliberately indifferent to his serious medical needs. *See id.* at PageID.128, 145–50. Thus, as Judge Ivy recognized, "Plaintiff's medical records are essential to the development of Plaintiff's claims and Defendant's defenses against them." ECF No. 49 at PageID.628. "To that end, Defendant agreed to obtain Plaintiff's medical records and share them with Plaintiff." *Id.* (citing ECF Nos. 38 at PageID.312; 42 at PageID.438).

But Defendant was unable to obtain Plaintiff's MDOC medical records, largely because of complications and confusion regarding Plaintiff's signed medical record release authorization. *See* ECF No. 49 at PageID.629–34 (detailing the factual history of Defendant's attempts to obtain Plaintiff's signed medical record release and Plaintiff's attempts to sign and transmit a signed medical record release).

By October 29, 2024, Defendant had still not received a signed medical release authorization from Plaintiff, so he filed a motion seeking to compel Plaintiff to provide the signed release to him and requested sanctions against Plaintiff for his failure to provide the signed release until then. ECF No. 38. Plaintiff responded by

filing (1) a response to Defendant's motion,[2] ECF No. 42; (2) a motion for sanctions against Defendant, ECF No. 40; and (3) a signed medical release authorization on the docket,[3] ECF No. 41. Defendant also filed a motion to retroactively extend the dispositive motion deadline in light of the ongoing discovery dispute regarding Plaintiff's medical records. ECF No. 47.

On March 4, 2025, Judge Ivy resolved all five of these "motions" in a single order. *See* ECF No. 49. Judge Ivy's order (1) denied Defendant's request to sanction Plaintiff; (2) granted Defendant's request to compel Plaintiff to sign the MDOC medical release authorization form; (3) denied Plaintiff's motion for sanctions against Defense Counsel, and (4) granted Defendant's motion to extend the dispositive motion deadline to early June 2025. ECF No. 49 at PageID.649–50. Judge Ivy's order also directed Defendant to resubmit the medical release authorization form Plaintiff signed on November 13, 2024, *see* ECF No. 41 at PageID.420, and directed Plaintiff to "verify his signature" on that release authorization, ECF No. 49 at PageID.649–50.

## II. STANDARD OF REVIEW

"The Magistrate Judge's order resolved a nondispositive discovery dispute."

---

[2] As noted earlier, this filing was docketed as a "motion," but it is, in substance, a response. *See* ECF No. 42.

[3] As noted earlier, this filing was docketed as a "motion" even though it seeks no relief. *See* ECF No. 41.

*Cratty v. City of Allen Park*, No. 2:17-CV-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citing *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (per curiam) (unpublished)).

Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

If the district court will affirm the magistrate judge's order, then it may simply

identify the parts of the record that it reviewed and state that it found no clear error. *See, e.g.*, *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-CV-00403, 2022 WL 4115425, at *1– 2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV-00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV01210, 2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

### III. ANALYSIS

This Court has reviewed Plaintiff's Amended Complaint, ECF No. 15, Defendant's Answer, ECF No. 22, Defendant's Motion to Compel and Request for Sanctions, ECF No. 38, Plaintiff's response to that motion, ECF No. 42, Plaintiff's Motion for Sanctions, ECF No. 40, Plaintiff's Notice to provide the MDOC with a signed medical-release authorization, ECF No. 41, Defendant's Motion for a retroactive extension of the dispositive motion deadline, ECF No. 47, Judge Ivy's

March 4, 2025, order addressing all these motions, ECF No. 49, Plaintiff's Objections to that order, ECF No. 50, and all other applicable filings and law.

Plaintiff's objections to Judge Ivy's March 4, 2025, order will be overruled because there is no clear error. Plaintiff's objections merely re-raise arguments that were already presented to the magistrate judge, take issue with Judge Ivy's characterization of the procedural history, or seek new relief entirely.[4] *See* ECF No. 50. None of these arguments provide a basis upon which this Court may find with "definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008). Indeed, having reviewed the record, this Court finds that Judge Ivy faithfully applied the law to the facts of this unusual discovery dispute and reached reasonable, common-sense conclusions.

In sum, there is no clear error in Judge Ivy's March 4, 2025, order. Judge Ivy applied the appropriate law and made reasonable and accurate findings of fact. Accordingly, Plaintiff's Objections, ECF No. 50, will be overruled and Judge Ivy's Order, ECF No. 49, will be affirmed.

---

[4] To the extent Plaintiff's objections seek additional relief not contemplated in any of the motions addressed in the March 4, 2025 order, *see* ECF No. 50 at PageID.660–61, 664–65 (requesting a court order directing the MDOC warden to provide Plaintiff with specific information about legal mail and requesting sanctions against Defendant for a late-filed answer), such requests must be made by filing a new motion.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 50, are **OVERRULED**.

Further, it is **ORDERED** that Judge Ivy's Order Regarding Pending Discovery Motions, Motions for Sanctions, and Defendant's Motion to Extend the Dispositive Motion Deadline, ECF No. 49, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 11, 2025