UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY H. PERRY,

        Plaintiff,

v.

RYAN SILVERTHON,

        Defendant.
_____/

Case No. 2:24-cv-10194

Honorable Susan K. DeClercq
United States District Judge

Honorable Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER (ECF No. 75) AND AFFIRMING ORDER (ECF No. 69)**

Plaintiff Casey H. Perry has objected to a June 2025 order in which Magistrate Judge Curtis Ivy, Jr. granted Defendant Ryan Silverthon's "motion for clarification," and permitted Defendant to file a motion for summary judgment on or before June 11, 2025. *See* ECF Nos. 69; 75. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Plaintiff's objections will be overruled because Judge Ivy's order shows no clear error.

## I. BACKGROUND

Plaintiff Casey H. Perry sued Defendant Ryan Silverton in January 2024, ECF No. 1, and filed an amended complaint three months later, ECF No. 15. Plaintiff alleges Defendant—a registered nurse at Macomb Correctional Facility acting at the

direction of the Michigan Department of Corrections—was deliberately indifferent to his serious medical needs. *See id.* at PageID.128, 145–50.

The original case management order in this case set a discovery deadline of November 21, 2024, and a dispositive motion deadline of December 23, 2024. ECF No. 23 at PageID.210. After a lengthy discovery dispute, Defendant filed a motion for summary judgment on January 16, 2025—more than three weeks after the deadline to do so. *See* ECF No. 43. Accordingly, Judge Ivy struck Defendant's motion because it was filed after the deadline without any request for an extension. ECF No. 44.

On February 3, 2025, Defendant filed a motion requesting a "retroactive" extension of his deadline to file a dispositive motion in light of the unresolved discovery disputes. *See* ECF No. 47. On March 4, 2025, Judge Ivy granted Defendant's motion, noting that "[t]he new dispositive [motion] deadline is **June 2, 2025**." ECF No. 49 at PageID.650.

Yet Defendant did not file a new motion for summary judgment. Instead, on June 3, 2025, Defendant filed a "motion for order and clarification regarding his motion for summary judgment." ECF No. 68. Defendant explained that Defense Counsel "was advised" that the Court's March 2025 order which granted Defendant's motion for a retroactive extension of the dispositive-motion deadline, ECF No. 49, "constituted a reinstatement of Defendant's" January 2025 motion for

- 2 -


summary judgment. ECF No. 68 at PageID.806. Accordingly, Defendant sought "clarification" of the March 4, 2025, order to determine whether his January 2025 motion for summary judgment, ECF No. 43, was currently pending before the Court. ECF No. 68 at PageID.807. If Defendant's January 2025 motion for summary judgment, ECF No. 43, was not considered pending before the Court, Defendant requested permission to refile the motion immediately. ECF No. 68 at PageID.807.

The very next day, Judge Ivy granted Defendant's motion for clarification and directed Defendant to refile his motion for summary judgment by June 11, 2025. ECF No. 69. On June 11, 2025, Defendant filed a motion seeking permission to file a brief in excess of 25 pages. ECF No. 71. Judge Ivy granted that motion on June 12, 2025, ECF No. 72, and Defendant filed his motion for summary judgment on June 13, 2025, ECF No. 73.

On June 17, 2025, Plaintiff filed objections to Judge Ivy's order granting Defendant's motion for clarification and permitting Defendant to file his motion for summary judgment on June 11, 2025. ECF No. 75. Defendant opposes Plaintiff's objections. ECF No. 76.

## II. STANDARD OF REVIEW

When a district court reviews a non-dispositive order by a magistrate judge, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a);

*accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error. *E.g.*, *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-CV-00403, 2022 WL 4115425, at *1–2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV-00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV01210,

2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

## III. ANALYSIS

This Court has reviewed Plaintiff's Amended Complaint, ECF No. 15, Defendant's Answer, ECF No. 22, all motions and responses related to the Parties' discovery disputes, *see* ECF Nos. 38; 40; 41; 42, Defendant's motion for a retroactive extension of the dispositive-motion deadline, ECF No. 47, Judge Ivy's March 4, 2025, order granting Defendant's motion, ECF No. 49, Defendant's June 2025 motion for clarification, ECF No. 68, and Judge Ivy's June 2025 order granting Defendant's motion for clarification and permitting Defendant to file his motion for summary judgment, ECF No. 69. This Court has also thoroughly reviewed Plaintiff's objections to Judge Ivy's June 2025 order, ECF No. 75, Defendant's response to those objections, ECF No. 76, Plaintiff's reply in support of his objections, ECF No. 77, and all other applicable filings and law.

Plaintiff's objections to Judge Ivy's June 2025 order will be overruled because there is no clear error. None of Plaintiff's arguments in his objections or reply brief, *see* ECF Nos. 75; 77, are bases upon this Court may find with "definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008). Indeed, Judge Ivy correctly reasoned that courts have the inherent authority to control their own dockets and set deadlines. *See* ECF No. 68 at PageID.811.

In sum, there is no clear error in Judge Ivy's June 4, 2025, order. Judge Ivy applied the appropriate law and made reasonable and accurate conclusions of fact. Accordingly, Plaintiff's Objections, ECF No. 75, will be overruled and Judge Ivy's Order, ECF No. 68, will be affirmed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 75, are **OVERRULED**.

Further, it is **ORDERED** that Judge Ivy's Order granting Defendant's motion for clarification and permitting Defendant to file his motion for summary judgment on or before June 11, 2025, ECF No. 69, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 18, 2025