UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY H. PERRY,

                            Plaintiff,

v.

RYAN SILVERTHON,

                          Defendant.
_____/

Case No. 24-10194

Susan K. DeClercq
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENATION ON PLAINTIFF'S
MOTIONS FOR DEFAULT JUDGMENT (ECF Nos. 52, 54)**

On April 8, 2025, Plaintiff Casey H. Perry filed two motions for default

judgment.  (ECF Nos. 52, 54).  In order to obtain a default judgment under Federal

Rule of Civil Procedure 55(b), Plaintiff had to first obtain an entry of default from

the Clerk's Office pursuant to Rule 55(a).  *See Heard v. Caruso*, 351 F. App'x 1,

15–16 (6th Cir. 2009) (citing 10A Wright and Miller's Federal Practice and

Procedure § 2682 (3d ed. 1998)); *Devlin v. Kalm*, 493 F. App'x 678, 685–86 (6th

Cir. 2012).  When Plaintiff requested an entry of default, the Clerk's Office denied

that request;[1] thus, Plaintiff's motions for default judgment are procedurally

improper.

---

[1] As Plaintiff is in incarcerated prisoner, he "is not entitled to default judgment against defendants that have been served but have chosen not to file an answer or otherwise reply to the complaint." *See Wilson v. Stewart*, Case No. 1:25-cv-10483, 2025 WL 2858910, at *1 (E.D.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's *Motion for Default Judgment* (ECF No. 52) and *Motion for Default Judgment under Federal Rules of Civil Procedure Rule 55* (ECF No. 54) be **DENIED**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

---

Mich. Sept. 15, 2025) (referring to 42 U.S.C. § 1997e(g)), *report and recommendation adopted*, 2025 WL 2857995 (E.D. Mich. Oct. 8, 2025).  And in any event, Defendant filed an Answer to the Amended Complaint with affirmative defenses on May 20, 2024.  (ECF No. 22).

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections lack merit, it may rule

without awaiting the response.

Date:  January 5, 2026.                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the
parties and/or counsel of record on the January 5, 2026, by electronic means and/or
ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850

3