UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CASEY H. PERRY, | Case No. 24-10194 |
|                     Plaintiff, | Susan K. DeClercq |
| v. | United States District Judge |
| RYAN SILVERTHON, | Curtis Ivy, Jr. |
|                     Defendant. | United States Magistrate Judge |
| _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND FOR EXCULPATORY EVIDENCE (ECF Nos. 61, 62)**

Pending before the Court are Plaintiff's *Motion for Protective Order to Shield Against Plaintiff's Confidential Medical Records* (ECF No. 61) and *Motion Requesting a Court Order to be Executed to Obtain Undisclosed Exculpatory Evidence Information for the Incoming Legal Mail Received under 18 U.S.C. § 2703(a)–(b) Standards* (ECF No. 62).  Both motions are **DENIED**.

Start with Plaintiff's motion for a protective order.  On March 4, 2025, the Court ordered Defendant to resubmit the "Authorization to Disclose Health Information" form found at ECF No. 41; the Court also ordered Plaintiff to confirm that the signature on that document was his when asked by the Michigan Department of Corrections ("MDOC").  (ECF No. 49, PageID.640).  In turn, the Court extended the dispositive motion deadline to June 2, 2025, so that Defendant

could obtain the medical records and, if necessary, revise his motion for summary judgment. (*Id.* at PageID.649).

But Defendant did not do as ordered. Instead, Defendant and his attorney erroneously believed that the March Order "reinstated" the motion for summary judgment the Court previously struck from the record. (ECF No. 68). The Court corrected this misunderstanding and extended the dispositive motion deadline to June 11, 2025. (ECF No. 69). After an additional two-day extension, Defendant filed a proper motion for summary judgment after he received leave of the Court to include excess pages. (ECF Nos. 70, 71, 72, 73). Defendant's now-pending motion for summary judgment is virtually identical to what he originally filed in January—it is the same length with the same arguments and exhibits.

Considering Defendant mistakenly believed the March Order reinstated his original motion for summary judgment, it is clear that Defendant did not resubmit the authorization form for Plaintiff's medical records.

Plaintiff filed his motion for a protective order on April 15, 2025, to obstruct Defendant's efforts to obtain his medical records. Since Defendant never attempted to do so following the March Order and discovery is now closed, there is no basis for Plaintiff's protective order. Consequently, Plaintiff's *Motion for Protective Order to Shield Against Plaintiff's Confidential Medical Records* (ECF No. 61) is **DENIED AS MOOT**.

Turn now to Plaintiff's second motion. Plaintiff moved under 18 U.S.C. § 2703(a)–(b), and (d) "to obtain the records of the incoming legal-mail, logged-in, signed-in sheet information" to determine "who received legal mail packages from the senders on specific dates from [this] Court and [defense counsel's former firm]." (ECF No. 62, PageID.724).

As the authority cited by Plaintiff recognizes, "[t]he Stored Communications Act ('SCA'), 18 U.S.C. §§ 2701 *et seq.*, 'permits a "governmental entity" to compel a service provider to disclose the contents of [electronic] communications in certain circumstances." *United States v. Warshak*, 631 F.3d 266, 282 (6th Cir. 2010) (citation omitted). Plaintiff is not a governmental entity, so he cannot use the SCA to obtain the relief he seeks. Nor did Plaintiff cite to any authority that permitted a private individual in a civil case to use the SCA in the manner Plaintiff requests in his motion. *See id.* at 274 (refusing to apply exclusionary rule to emails obtained without a warrant based on probable cause because government agents "relied in good faith on provisions" of the SCA); *Smith v. Anderson*, 104 F. Supp. 2d 773 (S.D. Ohio 2000) (involving a petition for a writ of habeas corpus and not citing any provision under § 2703); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000) (same but on appeal); *People v. Taylor*, 159 Mich. App. 468, 406 N.W.2d 859 (1987) (regarding the appeal of a criminal conviction and not citing any provision under § 2703).

3

Consequently, Plaintiff's *Motion Requesting a Court Order to be Executed to Obtain Undisclosed Exculpatory Evidence Information for the Incoming Legal Mail Received under 18 U.S.C. § 2703(a)–(b) Standards* (ECF No. 62) is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: January 5, 2026                 s/Curtis Ivy, Jr.
                                                     Curtis Ivy, Jr.
                                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the January 5, 2026, by electronic means and/or ordinary mail.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850