UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CASEY H. PERRY, | Case No. 24-10194 |
| Plaintiff, | Susan K. DeClercq |
| v. | United States District Judge |
| RYAN SILVERTHON, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER REGARDING PLAINTIFF'S PENDING MOTIONS**
**(ECF Nos. 32, 84, 85)**

Before the Court are two of Plaintiff's pending motions. (ECF Nos. 84, 85). In the first of these motions, Plaintiff moves the Court for an Order that requires defense counsel to serve Plaintiff with copies of Defendant's motions, pleadings, and other papers. (ECF No. 84). The second motion is entitled, "Plaintiff's Motion Response to Dispute Defendant's Reply in Further Support of Summary Judgment and Addressing Plaintiff's Response," which the Court interprets as a *Motion for Leave to File a Sur-Reply*. (ECF No. 85). This latter motion essentially contains a sur-reply to Defendant's pending motion for summary judgment. Both motions are **DENIED**.

Consider first Plaintiff's motion for copies of certain filings. Plaintiff has not established a basis for the requested copies. For instance, he asks for a copy of

the motion for summary judgment Defendant filed in January 2025. (ECF No. 84, PageID.1174). But the Court struck that filing from the record. (ECF No. 44). Accordingly, there's no reason to require defense counsel to provide a copy of a motion that has no bearing on the outcome of this litigation. He also requests a copy of the Court's Order for a status update on discovery matters and possibly of Defendant's response to that Order (it is unclear if Plaintiff wants one or both filings). (ECF No. 84, PageID.1175) (referring to ECF Nos. 44, 46). But these issues pertain solely to the Court's request for a status update back in January 2025; and in any event, the Court resolved the related discovery motions in its March 2025 Order, thus, there is nothing left to resolve that would require any further response from Plaintiff. (ECF No. 49). Plaintiff was provided with an opportunity to object to the March 2025 Order, which he did, and the Court overruled his objections. (ECF Nos. 50, 60).

Plaintiff also wants a copy of Defendant's response to Plaintiff's objections to the Court's Order dated June 4, 2025. (ECF No. 84, PageID.1175) (referring to ECF Nos. 69, 75, 76). But the Court has already overruled those objections. (ECF No. 78). Lastly, Plaintiff says he did not receive a copy of Defendant's motion seeking leave to file a brief in support of his motion for summary judgment in excess of twenty-five pages. (ECF No. 84, PageID.1175) (referring to ECF No. 71). But Plaintiff overlooks the emergency nature of that motion, which required

2

the Court to issue an Order on the motion with sufficient time to allow Defendant to meet his deadline. And regardless, Plaintiff was permitted to file a response in opposition that exceeds the number of pages permitted under this Court's Local Rules. (ECF Nos. 82, 83). So even if Plaintiff did not receive a copy of that motion, he did not suffer any prejudice as a result.

Accordingly, Plaintiff's motion for copies of certain documents is **DENIED**. Moreover, this motion would be moot considering that the undersigned recommends that Defendant's motion for summary judgment be granted in the Report and Recommendation filed concurrently with this Order.

Now turn to Plaintiff's motion for leave to file a sur-reply. Though Plaintiff refers to this filing as a motion, it is really an unauthorized sur-reply. Under this Court's Local Rules, litigants must seek leave of the Court to file a sur-reply. E.D. Mich. LR 7.1(d)(1) ("Unless the Courts permit otherwise, each motion and response to a motion must be accompanied by a *single* brief.") (emphasis added).

Generally, sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038, at *14 (W.D. Ky. Aug. 2, 2019) (quoting *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012)) (internal quotation marks omitted). Even so, granting leave to file a sur-reply may be appropriate in

3

the court's discretion when "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022) (citing *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (citation omitted)); *see also Mellian v. Hartford Life & Acc. Ins. Co.*, No. 14-10867, 2014 WL 7366104, at *1 n.1 (E.D. Mich. Dec. 24, 2014) (citing *Mirando v. U.S. Dep't of Treasury*, 766 F.3d 540, 548–49 (6th Cir. 2014)) ("[A] sur-reply is appropriate only where the [other] party raises new arguments or presents new evidence for the first time in a reply brief, such that the party seeking leave to file the sur-reply had no opportunity to address the arguments or evidence in its prior submissions.").

Plaintiff's sur-reply is merely a vehicle for him to have the last word on Defendant's motion for summary judgment. Rather than refer to new arguments or new evidence raised for the first time in Defendant's reply brief, Plaintiff's sur-reply is more so a point-by-point contestation of Defendant's reply brief. Instead of setting forth a proper basis for a sur-reply, Plaintiff simply wants to have the final word. But this is not sufficient basis for a sur-reply. And Plaintiff's sur-reply consists of thirty-seven hand-written pages. This raises another issue—Plaintiff did not seek leave from the Court to file a sur-reply with excess pages. While the Court permitted Plaintiff to file a response brief in excess of what Local Rules

4

allow (without Plaintiff first seeking leave of the Court to do so), the Court did not authorize a sur-reply, let alone a sur-reply of this length. Consequently, Plaintiff's *Motion for Leave to File a Sur-Reply* (ECF No. 85) is **DENIED**, and his sur-reply is hereby **STRICKEN** from the record.

Finally, the Court addresses a matter discussed in the Report and Recommendation on Defendant's pending motion for summary judgment: Plaintiff's petition for a writ of habeas corpus ad testificandum. (ECF No. 32). As explained in the Report and Recommendation, the Court can issue this writ "when it is necessary to bring [a prisoner] into court to testify for trial." *Sales v. Marshall*, 873 F.2d 115, 118 (6th Cir. 1989) (citing 28 U.S.C. § 2241(c)(5)). Plaintiff filed this petition in August 2024 when a trial date had not even been set; as such, there was no need to address that petition. Plaintiff also attempts to use this writ for an improper purpose—to elicit witness testimony for the first time during trial. This is contrary to the principles that undergird discovery. And in any event, the undersigned has recommended that Defendant's motion for summary judgment be granted; if this recommendation is adopted, there is no longer a need for a trial. Accordingly, Plaintiff's *Petition for a Writ of Habeas Corpus ad Testificandum* (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 30, 2026  s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the January 30, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850