UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASEY H. PERRY,

                    Plaintiff,                    Case No. 2:24-cv-10194

v.                                                Honorable Susan K. DeClercq
                                                  United States District Judge

RYAN SILVERTHON,
                                                  Honorable Curtis Ivy, Jr.
                                                  United States Magistrate Judge

                    Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER (ECF No. 90) AND
AFFIRMING ORDER (ECF No. 88)**

## I. BACKGROUND

Plaintiff Casey H. Perry sued Defendant Ryan Silverton in January 2024, ECF No. 1, and filed an amended complaint three months later, ECF No. 15. Plaintiff alleges Defendant—a registered nurse at Macomb Correctional Facility acting at the direction of the Michigan Department of Corrections—was deliberately indifferent to his serious medical needs. *See id.* at PageID.128, PageID.145–50. The case was referred to Magistrate Judge Curtis Ivy, Jr. for full pretrial proceedings. *See* ECF Nos. 10; 16.

In April and May 2025, Plaintiff filed two nondispositive motions: (1) a "motion for protective orders to shield against plaintiff's confidential medical

records," ECF No. 61 at PageID.714; and (2) a "motion requesting for a court order to be executed to obtain undisclosed exculpatory evidence information for the incoming legal mail received," ECF No. 62 at PageID.724. Defendant did not file responses to these motions.

On January 5, 2026, Judge Ivy resolved both nondispositive motions in a single order. ECF No. 88. As to Plaintiff's motion for a protective order, Judge Ivy denied that request as moot. ECF No. 88 at PageID.1236. And as to Plaintiff's motion seeking incoming legal mail records under the Stored Communications Act (SCA), 18 U.S.C. § 12701 *et seq.*, Judge Ivy denied this request because Plaintiff did not "cite to any authority that permitted a private individual in a civil case to use the  SCA in the manner Plaintiff requests in his motion." ECF No. 88 at PageID.1237. Plaintiff objects to Judge Ivy's nondispositive order as to both motions. ECF No. 90.

## II. STANDARD OF REVIEW

"The Magistrate Judge's order resolved a nondispositive discovery dispute." *Cratty v. City of Allen Park*, No. 2:17-CV-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018) (citing *Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003) (per curiam) (unpublished)). Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A); *see also* 12 Charles

- 2 -

Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3069 (3d ed. 2022) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge."). "A finding is 'clearly erroneous' [if] the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948)); *see also Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence . . . [the] choice between them cannot be clearly erroneous."). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-00631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

If the district court will affirm the magistrate judge's order, then it may simply identify the parts of the record that it reviewed and state that it found no clear error. *E.g.*, *Nettles v. Edgar*, No. 1:22-CV-00119, 2022 WL 16551462, at *1 (W.D. Mich. Oct. 31, 2022); *Odom v. Hill*, No. 1:21-CV-00403, 2022 WL 4115425, at *1–2 (W.D. Mich. Sept. 9, 2022); *Faber v. Smith*, No. 1:19-CV-00024, 2019 WL 5684490, at *1 (W.D. Mich. Nov. 1, 2019); *Ramsey v. Smith*, No. 1:13-CV01210, 2017 WL 4038111, at *1 (W.D. Mich. Sept. 13, 2017); *cf. United States v. Robinson*,

- 3 -

366 F. Supp. 2d 498, 505 (E.D. Mich. 2005) (applying the same standard to the adoption of a magistrate judge's report and recommendation) (first citing *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002); and then citing 12 Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3070.2 (2d ed. 1997)), *aff'd*, 290 F. App'x 769 (6th Cir. 2008); *e.g.*, *Hereford v. Warren*, 486 F. Supp. 2d 659, 660–61 (E.D. Mich. 2007), *rev'd and remanded on other grounds*, 536 F.3d 523 (6th Cir. 2008).

## III. ANALYSIS

This Court has reviewed Plaintiff's Amended Complaint, ECF No. 15; Defendant's Answer, ECF No. 22; Judge Ivy's March 4, 2025, order addressing Plaintiff's motions for sanctions and other papers he filed, ECF No. 49; Plaintiff's motion for a protective order, ECF No. 61; Plaintiff's motion requesting a court order to be executed to obtain undisclosed exculpatory evidence, ECF No. 62; Judge Ivy's January 5, 2026, order regarding those motions, ECF No. 88; Plaintiff's objections, ECF No. 90; and all other applicable filings and law.

Plaintiff's objections to Judge Ivy's January 5, 2026 order will be overruled because there is no clear error. Plaintiff's objections merely re-raise arguments that were already presented to the magistrate judge and take issue with Judge Ivy's characterization of the procedural history and the ongoing discovery disputes about Plaintiff's medical records. *See* ECF No. 90. These arguments are not bases upon

which this Court may find with "definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008). Indeed, having reviewed the record, this Court finds that Judge Ivy faithfully applied the law to the facts of this unusual discovery dispute and reached reasonable, common-sense conclusions.

In sum, there is no clear error in Judge Ivy's January 5, 2026 order. Judge Ivy applied the appropriate law and made reasonable and accurate conclusions of fact. Accordingly, Plaintiff's Objections, ECF No. 90, will be overruled and Judge Ivy's Order, ECF No. 88, will be affirmed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 90, are **OVERRULED**.

Further, it is **ORDERED** that Judge Ivy's January 5, 2026 order, ECF No. 88, is **AFFIRMED**.

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 24, 2026

- 5 -